Appeal by Pinelawn Cemetery from a judgment of the Supreme Court, Suffolk County (Daniel Martin, J.), dated September 15, 2015. The judgment, upon an order of that court dated July 14, 2015, granted the petition filed pursuant to CPLR article 78, and annulled a determination of the Town of Babylon Board of Zoning Appeals dated April 22, 2005.
 

 Motion by the petitioners to dismiss the appeal. By decision and order on motion of this Court dated August 18, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
 

 Ordered that the motion to dismiss the appeal is granted; and it is further,
 

 Ordered that the appeal is dismissed, without costs or disbursements.
 

 The petitioners, who are the sublessees and lessee of certain real property owned by Pinelawn Cemetery (hereinafter Pinelawn), commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul a determination of the Town of Babylon Board of Zoning Appeals (hereinafter the BZA) upholding a stop work order issued by a building inspector of the Town of Babylon. The Supreme Court granted the petition. Pinelawn appealed, and the Town and the BZA separately appealed.
 

 During the pendency of the appeals, the petitioners entered into a settlement agreement with the Town and the BZA pursuant to which the BZA’s determination and the stop work order were vacated, and the Town and the BZA agreed to withdraw their appeal. By order of this Court dated June 2, 2017, the appeal by the Town and the BZA was marked withdrawn on stipulation. Consequently, Pinelawn’s appeal must be dismissed as academic, because a determination of the issues regarding the validity of the stop work order will not directly affect the rights of the parties and the issues raised do not warrant an exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
 

 Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.